IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:19-CR-295 (VLB) |
| v. | |
| DOMENICO SANDALO | August 31, 2020 |

### MOTION TO QUASH SUBPOENA

In accordance with Rule 17 of the Federal Rules of Criminal Procedure, the United States of America moves the Court for an order to quash any subpoenas issued by the defendant to any person he believes to be the confidential informant in this case. This weekend, the Government learned that the defendant had issued one or more subpoenas to individual(s) he believes are the confidential informant. For the reasons set forth below, the Government requests that the Court quash any such subpoenas.

This is yet another attempt by the defendant to ascertain the identity of the confidential informant in this case, despite this Court's order that he is not entitled to that information. As in its earlier motion on this issue, *see* ECF No. 83, the Government declines to confirm or deny whether any individuals that have been subpoenaed are, in fact, the confidential informant in this case. That is consistent with this Court's April 10 ruling that "the Government need not provide the identities of or any discovery that would readily identify the informants," in connection with the defendant's specific request that the Government identify its informants. ECF No. 58 at 7. Indeed, this court held unequivocally that the

1

defendant had failed to make a showing that the informant was unreliable, and that the defendant was therefore not entitled to know his or her identity. *Id*.

Despite that clear ruling, the defendant persists in his mission to publicly expose a person he believes is the confidential informant in this case. This, again, appears to be an attempt to bait the Government into confirming or denying the identity of a protected source, which the Government will not do.

In this Court's April 10, 2020 ruling, it declined to order the Government to disclose the informant's identity, finding that

> the critical information ascribed to the informants was corroborated by independent evidence, and Mr. Sandalo presents no evidence that "fairly puts in issue" the truth of that evidence. One of the police officer affiants listened to a call between Mr. Sandalo and an informant, and directly "observed that Sandalo advised the [informant] that he (Sandalo) was currently waiting to receive a large shipment of Oxycodone pills, which he was then planning to sell." [Dkt. 55-3 at ¶ 11]. While Mr. Sandalo questions why the calls were not recorded, the informant's phone was not vouchered, and why the communications were not memorialized in writing at the time, he neither claims nor provides any evidence against the existence of the calls or texts. [Dkt. 54 at 7]; cf. *Holguin*, 946 F. Supp. 157 at 160-61 (defendant supplied affidavits and testimony contesting police officers' version of events). In the absence of such evidence, his request is made simply "for the purpose of casting doubt upon the credibility of government witnesses," and it does not overcome the informant's privilege. The Court denies his motion to compel as to this information.

ECF No. 58 at 6-7. In his later motion to suppress, *see* ECF No. 71, the defendant – likely in response to the Court's observation that he had presented no evidence that "fairly put in issue" the truth of the information in the search warrant affidavit – attached several affidavits, including his own self-serving statement and others from his wife and father. It is unclear why those affidavits were not included in his motion to compel the disclosure of the informants' identity, *see* ECF No. 53, 54,

**2**

when all of the information contained therein would have been known to the affiants at the time of the earlier finding.

But even if the Court had those affidavits at the time it considered the defendant's motion to compel, the defendant still would not have been entitled to the "extraordinary remedy" of disclosure of a confidential informant's identity. See *United States v. Graves*, 2018 U.S. Dist. LEXIS 150253 at *8 (S.D.N.Y. 2018); *United States v. Tavarez*, 518 F. Supp. 2d 600, 604-05 (S.D.N.Y. 2007); *United States v. Muyet*, 945 F. Supp. 586, 602 (S.D.N.Y. 1996). To that end, the Government again notes that it does not intend to call the confidential informant as a witness at trial – an important factor that this Court has considered in similar contexts. *See United States v. Godiksen*, 2017 U.S. Dist. LEXIS 22856 (D. Conn. 2017) ("[w]here the government has announced its intention not to call the informant as a witness, and the defendant has not made a particularized showing of need to question the witness, for example because the informant could 'shed light on an apparent contradiction in … testimony,' disclosure of the informant's identity is not appropriate.") For the same reasons, the Court should quash any subpoenas the defendant has issued to any person he believes is the confidential informant in this case.

The Court also should quash any such subpoenas because the testimony of the purported informant in this case is unnecessary to the determination of the motion to suppress. The defendant presumably wishes to call the purported informant to attack his or her credibility. Based on his filings, that will likely include questioning the witness about his or her private medical and mental health

3

conditions, living arrangements, and reputation for truthfulness. But all of those topics are irrelevant to the determination of the defendant' motion. First, informant testimony is unnecessary because the two affiant police officers are prepared to testify at the hearing about, among other things, their determination that the informant was reliable and credible. Second, informant testimony is unnecessary because the Court can assess the informant's credibility based on the fact that the information he or she provided to the affiants was wholly corroborated by what the police actually found in the defendant's house during the execution of the search warrant. In other words, the defendant can sufficiently test the informant's credibility through his examination of the affiants, and the Court can be assured of the informant's credibility because of the corroborated aspects of his or her information. Thus, the testimony of any person purported to be the informant is irrelevant and unnecessary, and any subpoena seeking such testimony should be quashed.

The lack of any legitimate legal basis for issuing a subpoena to a purported informant leads to the unavoidable conclusion that the defendant is motivated by a personal animus towards the CI. His filings suggest as much. For example, the defendant moved the Court to compel the Government to disclose the CI's identity. *See* ECF No. 53, 58. But prior to the Court denying that motion, in a motion to continue, the defendant represented that he "has some idea of who the … CI [is]" and "would like confirmation of their identit[y] and all documents related to them from the Government". ECF No. 57 at 3. And further, he noted that "[e]ven if the Court denies our motion to compel the disclosure of their identit[y] and related

4

documents," he still wanted an opportunity to interview the CI based on his belief that there was a "high likelihood" he or she would provide information demonstrating a lack of probable cause to issue the search warrant. *Id.* at 4. If the defendant believed he knew the identity of the CI, confirmation from the Government would do nothing to advance his position. That alone could lead one to conclude that his true motivation was to publically identify the CI as a law enforcement source.

Undeterred by this Court's order that the Government need not disclose the informant's identity, the defendant then published, in several public filings, the full name and personal details of the purported informant. The Government immediately moved to seal those documents to redact that person's name, the defendant agreed to do so, and the Court issued an order granting the Government's motion. *See* ECF No. 83, 86. In granting the Government's motion, the Court found, among other things, that "the preservation of the safety of the alleged confidential informant is a compelling reason for sealing." *See* ECF. No. 86 at 2. The Government maintains its position that publishing a purported CI's name in public filings violated the spirit – if not the letter – of this Court's earlier ruling.

The defendant's latest action similarly runs afoul of this Court's order. One can reasonably assume that the defendant's chief purpose for issuing subpoenas to a purported CI is to ask him or her, under oath, whether he or she is in fact the informant in this case. Asking any witness that question in open court is dangerous. More to the point, allowing the defendant to call witnesses for the purpose of confirming or denying that a person is, in fact

5

the informant, is inconsistent with this Court's orders on this issue.[1]

In sum, the Court should quash any subpoenas issued by the defendant for individuals he believes to be the confidential informant in this case. Testimony from the informant in this case is not necessary to the determination of the motion to suppress, and requiring such individuals to testify could place them in danger, subject their lives to unwarranted and inappropriate public scrutiny, and chill future attempts by law enforcement to develop confidential sources.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Maria del Pilar Gonzalez*
MARIA DEL PILAR GONZALEZ
ASSISTANT U.S. ATTORNEY
CT Bar No. 30716
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700

*/s/ Douglas P. Morabito*
DOUGLAS P. MORABITO
ASSISTANT U.S. ATTORNEY

---

[1] It also puts the Government in an untenable position. If the defendant is allowed to call witnesses he believes may be the informant in this case, the Government will not be able to conduct a fulsome examination of the witness without implicitly or directly confirming or denying that such person is the informant. Such a fishing expedition is not only inappropriate, it would force the Government to disclose information that this Court has already ruled falls within the purview of privileged informant material.

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 31, 2020, a copy of this filing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                    */s/ Maria del Pilar Gonzalez*
                                    _____
                                    **MARIA DEL PILAR GONZALEZ**
                                    **ASSISTANT UNITED STATES ATTORNEY**